IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| BONNIE HASENWINKEL,<br><br>          Plaintiff<br><br>v.<br><br>MOSAIC, KELLY THOMPSON, JANET<br>FISHER and CAROL MAU,<br><br>          Defendants. | Case No.   _____<br><br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Bonnie Hasenwinkel, and, submits her complaint and jury demand.  In support thereof she states the following:

## <u>INTRODUCTION</u>

1.      This is an action by Plaintiff, Bonnie Hasenwinkel, against the Defendants, Mosaic, Kelly Thompson and Janet Fisher for violation of the Family Medical Leave Act and for violation of ERISA.

2.      Defendant, Mosaic is Revised Foreign Non-Profit Corporation doing business within the bounds of the State of Iowa.

3.      Upon information and belief, Defendant, Kelly Thompson was one of the Plaintiff's supervisors and is a resident of Polk County, Iowa.

4.      Upon information and belief, Defendant, Janet Fisher was one of the Plaintiff's supervisors and is a resident of Polk County, Iowa.

5.      Upon information and belief, Defendant, Carol Mau was the Executive Director for Mosaic and is a resident of Polk County, Iowa.

6.      The district court has jurisdiction over this matter under 28 U.S.C. § 1331 because the causes of action raise a federal question.

7.      Venue is appropriate in this Court because the actions complained of herein occurred within the bounds of Polk County.

## FACTUAL BACKGROUND

8.      The Defendants employed the Plaintiff, Bonnie Hasenwinkel as Registered Nurse in Des Moines, Iowa since July 2007.

9.      Plaintiff worked over 1250 hours in the year prior to her need for FMLA leave. She was a full time employee and was FMLA eligible by admission of the Defendants who granted her FMLA leave.

10.     On April 5, 2011, Plaintiff left work due to feeling increased anxiety, lack of energy and poor concentration.  She let her employer know that she was leaving work to see a Psychiatrist.  Plaintiff requested FMLA leave for this condition and the Defendants granted her that leave.  Plaintiff received approval for this leave on an intermittent basis.

11.     On April 6, 2011, Plaintiff called Defendant, Kelly Thompson to let her know that she would be off work and that she did not know how long.  Her mediations were being changed and she would need time for that to work.

12.     On April 11, 2011, Plaintiff notified Defendant, Kelly Thompson that she would be off work that week and that it was difficult to put a time off return date because it depended on how the medication affected her.   Plaintiff continued to keep in contact with Defendant, Kelly Thompson as to how her medication change was affecting her.  She was not to drive during this time.

13.     At this time, Plaintiff also asked the Defendant, Kelly Thompson if she could keep taking calls to keep up with what going on to help take the load off the other nurses and was advised that she could not by the Defendant, Kelly Thompson.

14.     Plaintiff continued to contact Defendant, Kelly Thompson as to her condition and doctor's orders.

15.     Defendant, Kelly Thompson asked the Plaintiff if her husband could drive her to work.

16.     On April 25, 2011, Plaintiff returned to work.

17.     On May 4, 2011 Plaintiff missed two days of work due to medication changes. This leave was FMLA leave to deal with her ongoing medical condition.  She was advised by Defendant, Kelly Thompson that she had to return to work on May 6, 2011 despite the fact that her FMLA leave lasted until May 9, 2011.

18.     On May 6, 2011, Plaintiff returned to work and at that time was handed a paper by Defendant, Kelly Thompson that said Coaching Meeting.  No Coaches Meeting had been held with the Plaintiff prior to this date.  In that meeting the Defendants wrote the Plaintiff up for events that occurred while she was on FMLA leave.

19.     The paperwork was not signed so Plaintiff did not know who prepared the document.  She believes it was the handwriting of Defendant, Kelly Thompson.

20.     On May 9, 2011, Plaintiff was very upset. This was the date that Plaintiff was supposed to return to work per her FMLA paperwork.  Plaintiff was upset due to the false accusations contained in the Coaching Meeting paperwork.

21.     In June, 2011, Plaintiff was walking by Defendant, Janet Fisher's office and asked her if she had an open door policy. She said yes and Plaintiff with her as to being told she had to

come to work while on FMLA and as to the Coaching Meeting paperwork.  Plaintiff requested a

meeting be set with Janet Fisher and Kelly Thompson.

22.     On June 28, 2011 an evaluation was done and Plaintiff was retaliated against for

talking with Defendants, Janet Fisher and Kelly Thompson. Defendants specifically wrote the

Plaintiff up for talking about her problem pursuant to the open door policy.

23.     No other nurses had two people at evaluations.

24.     Plaintiff provided Mosaic's handbook to them to advise them of the conflict

resolution policy that she was following.   Defendant, Janet Fisher gave Defendant, Kelly

Thompson four days to think of something else to put on the evaluation.

25.     On July 5, 2011, Plaintiff as again retaliated against again, when Defendant, Kelly

Thompson did her addendum to the evaluation.  It was again mentioned that Plaintiff had talked

with Janet Fisher and for Plaintiff emailing Jen Zayicek even though she had talked to Kelly

Thompson about it prior to sending the email.

26.     After taking FMLA Leave in April and May 2011 the Defendants began a

campaign of regularly writing the Plaintiff up for alleged workplace misconduct.  Between May

2011, when the Plaintiff returned from FMLA leave and November 2011 the Plaintiff received

44 write ups for alleged workplace misconduct.

27.     In September 2011, the Defendants suspended the Plaintiff for an entire month

without  pay  to  conduct  an  investigation.   At  the  end  of  the  investigation  the  Defendants

determined that the Plaintiff was not responsible and paid her for her missed time.

28.     In November 2011, the Plaintiff requested FMLA due to the conditions caused by

a car accident.  Plaintiff's FMLA leave extended until March 14, 2012.

29.     Due to the Defendant's abuse and retaliatory conduct the Plaintiff was unable to return to the workplace environment at the end of her FMLA leave.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

30.     The Plaintiff repleads paragraph 1 through 29 as if fully set forth herein.

31.     Plaintiff took leave from her employment due to her serious medical conditions.

32.     Plaintiff was thus entitled to the protections of the Family and Medical Leave Act.

33.     Defendants violated the FMLA in the following:

　　a.   In failing to grant Plaintiff her FMLA leave;

　　b.   In demanding that the Plaintiff return to work prior to the expiration of her FMLA leave period;

　　c.   In retaliating against the Plaintiff for her having exercised her FMLA rights;

　　d.   In discriminating against her for having utilized his FMLA rights;

　　e.   Based upon a pretext used solely to justify terminating her.

34.     As a direct result of the unlawful actions of the Defendants, the Plaintiff has suffered loss of position and employment, loss of wages and benefits and other compensatory damages.

35.     The conduct of the Defendants in relation to violating Plaintiff's FMLA rights herein was willful.

36.     The Defendant's conduct in violating Plaintiff's FMLA rights was such as to entitle the Plaintiff to liquidated and/or punitive damages in such an amount as is reasonable, proper and allowable under law.

37.     The Plaintiff incurred reasonable attorney fees and expenses and will do so in the future.

WHEREFORE the Plaintiff respectfully requests and prays that the Court:

A.      Enter judgment that Defendant's wrongful course of conduct including imposition of discipline and termination of Plaintiff violated 29 U.S.C. §§ 2612-2615 of the Family Medical Leave Act of 1993;

E.      Enter judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(I) against Defendant and in favor of the Plaintiff for any wages, salary, employment benefits, or other compensation denied or lost to the Plaintiff.

F.      Enter judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant in favor of Plaintiff for the monetary losses Plaintiff has sustained as a direct result of Plaintiff's discharge including any and all emotional damages occurred;

G.      Enter a judgment pursuant to 29 U.S.C. §2617(a)(3) against the Defendant in favor of Plaintiff for reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

H.      Enter a judgment against Defendant for such liquidated and/or punitive damages as the may be just and proper under the law; and

I.      Award Plaintiff such further and additional relief, including back pay, loss of future pay and/or front pay, as the Court may deem just and proper.

## COUNT II
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY OF THE FMLA

38.     The Plaintiff repleads paragraph 1 through 37 as if fully set forth herein.

39.     At the time of her termination, the Plaintiff was engaged in a protected activity, that is the application for, seeking of and use of FMLA benefits.

40.     The Defendants acted to terminate the Plaintiff.

41.     The conduct of the Plaintiff in applying for, seeking and/or using of FMLA benefits is causally connected to the termination of Plaintiff's employment by the Defendants.

42.     As a proximate result of the wrongful actions of the Defendants herein, the Plaintiff has suffered a loss of income, past and into the future, has suffered a loss of function of the mind and body in the past and future, has suffered physical, mental and emotional distress in the past and future and in such other ways as is shown by the evidence.

43.     The Plaintiff has been proximately damaged in a sum as shown by the evidence.

44.     The conduct of the Defendants was of such a reckless and/or willful and wanton nature as to entitle the Plaintiffs to a recovery of punitive damages in an amount deemed reasonable and proper.

WHEREFORE the Plaintiff respectfully requests and prays that judgment be entered against the Defendants, in an amount which will fully and fairly compensate the Plaintiff for her injuries and damages, for punitive damages, for interest allowed by law, for the costs of this action and for such other and further relief as may be just in the circumstances.

## JURY DEMAND

**COMES NOW** the Plaintiff, Bonnie Hasenwinkel, and hereby demands a trial by jury of all issues properly able to be tried to a jury.

Respectfully submitted,

By: _____

Eric M. Updegraff     AT0008025
Stoltze & Updegraff, P.C.
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:  515-244-1473
Facsimile:  515-244-3930
Email:  eric.updegraff@stoltzelaw.com

**ORIGINAL FILED.**

7